One of the issues presented here is whether the government satisfies its burden by clear and convincing evidence that a 12-level enhancement applies under the Modified Categorical Approach, where the government didn't submit any documentation as to that effect and the government solely relied on the fact that the defense attorney included the plus 12 enhancement in its sentencing summary chart along with the government and the PSR. The Ninth Circuit has already determined that the government doesn't satisfy its burden in that situation in Castillo-Marin, which is directly on point in this case. The California Health and Safety Code 11379 is not categorically a crime of violence. It includes transportation as well as cell, and because of that, the mere fact of conviction alone cannot... Can I back up? Yes. Does the fact that there was no objection at the time of sentencing to what was in the PSR mean that we review under plain error? Actually, under Castillo-Marin, the court determined that, well, the court indicated that it had discretion to use de novo review. It didn't use de novo review in Castillo-Marin because Castillo-Marin did not ask for de novo review, but it indicated in a footnote that had he asked that the court does have the discretion to do that and where a court uses, you know, when it's a purely legal issue considering the guidelines, then de novo review may be appropriate. A little bit different here, though, because in the statement, the sentencing chart statement that was submitted before the district court... Well, it's not... The defense counsel just blatantly says 2L, you know, drug traffic, prior drug trafficking crime, add 12 points. And that's the case in Castillo-Marin as well. In Castillo-Marin, the defense counsel added in the sentencing summary chart as well and did not object to it in the pre-sentence report. The court did review for plain error, but again said that it didn't need to determine whether de novo review was appropriate because Castillo-Marin did not ask for de novo review. Even under a plain error standard, Mr. Pineda wins in this case because his case is directly on point with Castillo-Marin, despite not... Even though he didn't object, there's still prejudice in this case because his guideline range would typically... When a document's altered, there's initials next to the document that indicate what... That everybody knows that that modification occurred and everybody's in agreement with it. There are no initials to that effect where the interlineation occurred. So there's no indication... But even without that handwriting, so let's say there was nothing there. He pled to count one, didn't he? It includes transportation. Count one includes transportation. So when you look at... No, I'm reading count one. Did unlawfully sell, furnished, administer, and give away, and offered to sell, furnished, administer, and give away controlled substances. That's the charge in count one. He actually wasn't... He actually wasn't charged in count one. I thought he pled to count four and five. Oh, I'm sorry. I may be at the wrong count. Count four and five. And count five... I misread where he pled. I read that as a one, but there it's clearly a four. I apologize. Yes. What we have... The charging documents alone and a plea form that's been would be the plea... A transcript of the plea hearing where we determine what it is that he actually pled to and whether the... And whether he knew that it's been modified. I think what's particularly important in this case is that in his federal case, when... The factual basis of his federal case, he admitted to certain priors in the factual basis and what was left out of the factual basis was this offense. And I think that's telling because... However, if we were to remand on this basis, presumably there would be a hearing. And if you're not asking us to... There would be a new hearing. They would introduce the documents. There would be, you know, a testimony, I suppose, about this... The documents. If this document, the plea, aside from the crossout, if there hadn't been the crossout, would it be an adequate document? I don't believe so. I don't believe a plea form in and of itself would be an adequate document. The... It has some reliability factors that the crossout does not have, such as, you know, an initial... Yeah, there's an initial over to the side. For the main... For the main component, but not for the alteration. Isn't the real problem is that he... The charge was not divided up, right? The charge was both transportation and sale. Right. And what he admitted to in the plea was he admitted charges and conviction. So that... And then he admitted that he did X. But admitting that he did X is exactly what De Kamp and later cases say isn't good enough. What he did. The question is, what was he convicted of? I agree. So that would have that gap as well. Right. And that's why I am requesting a remand, because these are issues that are... That the district court needed to grapple with. What would you want us to remand to the district court for? What would we tell the district court? Do a modified cap? Determine whether this statute is divisible? And if it is, apply the... Apply. Yes. You know, as I said before, there is a case in this calendar, maybe one that was now withdrawn, that does challenge whether this is a divisible statute. But you haven't done that. Is that right? No, I haven't. And as I was listening to the other argument, I was thinking I should have. And do you want to address at all the... This financial responsibility statement that the district court has? That's another reason why I think this case should be remanded, and I'd ask that it be remanded to a different judge. In this case, the judge used basically clearly erroneous facts, because they were facts that were not in evidence. The use of the fact that he... The assumption that he didn't have financial responsibility was based on the fact that he was stopped seven years prior without a driver's license. So absent any information in the record that he didn't have the financial responsibility to use that to enhance his sentence... That's the world's worst assumption though, is it? Because could he get insurance if he didn't have a driver's license? Well, he wasn't saying at the time he was stopped in this case that he didn't have financial... That he didn't have a driver's license. He was saying in the case seven years prior. But even if it were... And in this case, I think there'd still be an issue assuming that the car he's driving doesn't have insurance attached to it as well. How much did... I mean, I read the sentencing transcript, and I have to say the judge appeared to be somewhat impatient, gave a sentence higher than suggested by the prosecution. I mean, I understand why you might wish to go back to a different judge. How can you tell... I couldn't tell, I'll say it that way, how important it was to a sentence this story about the other case in which there had been no financial responsibility. Well, I think the other case was... The judge spent a significant amount of time talking about the other case. Yes, he did. And then brought it up again. More than once, right? I mean, repeated it. Even the story another time. Right. Yeah. Repeated it again and repeated it again when he was pronouncing his sentence and doubling the recommendation of the parties. So I think it was critical to the court's determination, and I think it was an illegal sentence because of that. Can I come back to count five now that I'm focusing on the proper count? Yes. Okay. I'm reading count five. It's got four paragraphs. The first paragraph says, Honor about such as to date done unlawfully sell, furnish, administer, and give away, and offer to sell, furnish, administer, and give away controlled substances to it, methamphetamine. That's the charge of the crime that he's being convicted of now. Second paragraph, further alleged that prior to this, he did X. Third paragraph, prior to this, he did Y. Now, the prior to this, he did Y is the same statutory provision, but now not broken down and including transportation. But as I read count five, paragraph one, he is convicted of the allegations in paragraph one, which are sell, furnish, administer, give away. That does not include anything about transportation. The third paragraph refers to, and before that, you did something else. But it's enough here, it seems to me, that he clearly was charged with selling and furnishing and so on, and we got a conviction on that. So how do we deal with that? We don't know that that's what he was actually convicted of just because that's what he was charged with, and a charging document... I'm finally focusing on the right count. He pleads to that count. He could have applied to a different factual basis of that count. But the entire factual basis encompassed within the first paragraph of that count is... none of that is transportation. But the fact that his plea form initially said transportation would call into question whether the charging document itself was accurate, and a charging document in and of itself isn't enough under Shepard. We need more than that one. Okay. Let's hear from the other side. We'll give you a minute to respond. May it please the court, David Finn for the United States. The key distinction in this case is that the defendant below affirmatively represented to the district court that the SOC, the specific offense characteristic, was a plus 12. This distinction alone takes this case away from every case cited by the appellant here, because the doctrines of invited error, binding judicial omissions in waiver apply here. This is not a plain air case. This is a case where the defense below made a judicial representation that this is a plus 12. That representation is binding. And if I disagree and say it's a plain error, then what? If the court was to disagree and say it's a plain error. And I have not consulted with my colleagues on this point. Even under that circumstance, it would go below, and defense counsel below would presumably be bound by their judicial omissions. This is just like the case of Ramiro-Rendez, I'm sorry, Potter, where the court said if you go below and you didn't really challenge it below and we remanded it on a plain error view, you're still kind of stuck in the same situation. What do you mean stuck in the same situation? It's still a plus 12. No, that's not how plain error works. Plain error works when you fail to make a proper objection, the judges sandbag to use the colloquial, and we reverse for plain error only upon a higher showing and not merely that the error is plain in the sense of obvious, but there has to be some showing and we got some language in there about seriously interfere with the administration of justice and so on. But it doesn't mean you're stuck with it. It means you've got a higher standard before you can get a reversal. Yes, Your Honor, perhaps I misunderstood your question and I apologize. If it was to be remanded in this case, obviously the government would submit the conviction documents that we've requested judicial notice with, and I think that those conviction documents clearly and convincingly show this is a plus 12. What do you do with the argument, though, that we've got this funny crossout and the only initial on the margin is the initial of the defendant? It's clearly not the initial of the person who did the crossing out with the error. First, I point out that there's no good faith basis to believe that there's anything done there and properly. I mean, problem A is that we didn't have that wasn't submitted in the district court. So ordinarily it wouldn't be adequate anyway, right? I mean, ordinarily you'd still have to go back on it. So given the fact that you're asking for something unusual and not ordinarily done anyway, i.e. for us to look at these documents de novo and make a determination, the fact that there's anything odd about this document should be enough of a reason not to do it, right? For us not to do it. Yes, and I agree in the normal case the court wouldn't consider this under judicial notice, but this isn't a normal case. The distinguishing factor of this case is that below defense counsel affirmatively represented to the court that this was a plus 12. Did defense counsel have the benefit of de Camps and Rendon at the time? It wasn't well understood that 11379A is a divisible statute. I can represent that Mr. Howard Frank has been practicing in the Southern District of California for a number of years and has had hundreds of these cases applying. He's asking when this all was. I'm kind of old and I got to tell you the older you get not necessarily the smarter you get. Well, he's certainly an experienced attorney, certainly experienced, competent. I think what Judge Pius is asking you is was de Camp and the other cases decided before the sentencing here. I'm not, yes, I believe de Camp was by this case, but I don't think it applies to this case because even if we apply, which this is a divisible statute, 11379 is a divisible statute, even if we just look at de Camp and we apply the Taylor-Shepard documents, the factual basis in a plea agreement has been deemed to be a judicially noticeable document under the modified categorical approach. If it matches up with the, not by itself, but if it simply, if it affirms that he did what he was charged to have done essentially. So it has to match up with the complaint. Yes, and in this case, the factual basis is that he sold methamphetamine. That is the judicial noticeable record here. That is what he was convicted of and that's the application. It doesn't say that that's what he was convicted of. It says that's what he was, it says he was convicted of whatever he was convicted of and this is what he did. Well, the factual basis, the courts have been clear that the factual basis, when it says something that's in the statute, one of the elements of the statute, did you sell transport? I don't agree with that, that the courts have been clear about that. It actually has been fairly murky and has depended on the particular circumstances of which Marcia Acosta, which is a very recent case, is the most recent. So, I mean, for example, Vidal, as I recall, said you had to say, you know, guilty as charged, not just guilty. So the fact that he said he did X and isn't really proof of what he was convicted of by itself. I think in the factual basis for the plea agreement, they're saying that the statute is divisible. I did this part of the divisible statute to sell, not the transport, not the offer to sell, not the giveaway. What about the, I mean, which I must say I am more troubled by all of this discussion, which was repeated and by the district court who doubled the recommended sentence of the financial responsibility issue, which is not in the record. Let me, to answer your question, let me point out first that what the court is doing here very expressly is talking about the enumerated 3553 factor of protecting the public from future harms of this defendant. This is a future tense situation where he's considering things. So there's not going to be something in the record saying in the future, this is what's going to happen. It's not an exact sentence. But he made representations about what he thought had happened in the past, and they weren't in the record. Not necessarily. I think what he's, what he's saying is based upon the record and all the facts. I'm willing to bet that you didn't have any, that you didn't have proof of financial responsibility, he said. That's, yes, he's saying looking at this record, I'm willing to make that, his concern is going forward. His concern is going forward and looking at if you get behind the wheel again drunk, what's going to happen? What's going to happen to the public? And he's saying based upon this record, it's not a plausible situation at all that you would have liability insurance. In fact, there's strong support in the record that you don't have liability insurance and that you wouldn't have liability insurance. Why? In other words, I asked this question before. I now understand that seven years before when he didn't have a license, maybe there was strong indication. What about the most recent conviction? The most recent conviction, he's also charged with not having a license. It's in 2013, the one that brought him into federal custody in this case. So, and look at, if you look at paragraph 68 through 70 of the pre-sentence report, they talk about that offense a little bit. They talk about that he didn't have a car registered to his name. This wasn't a registered car. It belonged to a family member. He didn't have a job. He had $400 a month in expenses that covered rent, food, et cetera, and utilities. And... So, your position is that it was not clear error to conclude that he didn't have financial responsibility, not that he wasn't relying on it. In other words, you're saying the judge was relying on it, but it was a fair inference. Is that what you're saying? It's a little bit more nuanced than that, in that he's looking at a future situation that he's trying to protect the public from. And he's saying, based upon this record, I don't think in the future I'm considering a theoretical possibility here of damage to the public. And that's his job. That's what he's being asked to do. But doesn't he have to have some... I mean, when he's doubling the guidelines, he has to have a basis for it. And you're telling me he did have a basis for it. But the basis is in the past, not in the future. He's using what is in the record, the total facts in the record, to make a reasonable assumption about what's going to happen in the future. And as long as it's not illogical, implausible, or wholly without support in the record, that is permissible. And under... Not a clear error standard? No, it's abusive discretion. It's got to be a clearly erroneous fact. And under the case law, and it's CARDI, that means that it's got to be illogical, implausible, or without support in the record. And here, it's clearly plausible, it's clearly logical, and it is with support in the record. There's strong support in the record that somebody with 60 UI convictions, no driver's license, no ability to pay a fine, and doesn't even have a car, is not going to dare also have what is going to amount to astronomical liability insurance, a bill a month. I understand everything you're saying, except why you're contesting the notion that this is a finding of fact and perhaps a completely plausible one about the past. And you seem to be fighting that notion and saying, well, it doesn't need to be that. Exactly. It doesn't need to be that because the judge is focused on... But then you seem to be saying it is that anyway, it meets that standard. Yes, the standard, I think the standard is the same, whether when he's relying on facts, whether they be future hypothetical, as long as they're not wholly unsupported by the record, then it's not an abuse of discretion to rely on those facts. Here's a question that I'm quite sure the answer is not in the record. We do know that he's charged with driving somebody else's vehicle. So the question isn't really whether he has insurance. It's also, I shouldn't say isn't, but the question is also whether the owner of the covers driving drunk by someone who else is driving the car who may or may not have a license. And I have no idea what's in that policy. And I suspect that the judge didn't either. Yes, and there is a whole list of factual scenarios that could or could not be true. This judge said, here's one that's plausible and that I'm really concerned about and I think could be really horrific for the public. And I want to prevent against that one. And it's just like the inference that he makes that you are going to hurt somebody eventually. I mean, that's, you know, that's fine. But he seemed obsessed with this other consideration. I think it's clear in the record, because he talks about it half a dozen times, that his real concern here is that you're going to hurt somebody else. And he also said close to a half dozen times that you're not going to be able to pay for it and tell this whole story about somebody else twice. I think the focus in just reviewing it all and looking at it under all the statements in there and the 32 minute explanation from the court, that his concern, he repeats it over and over, is that you're going to hurt somebody else, you're going to hurt yourself, or you're going to hurt somebody else. And then you're probably not going to have the financial wherewithal to take care of that person to help that person out. I think his concern, and I think this is only fair to say, is that it's really hurting somebody that we're really concerned about. The financial wherewithal to take care of them is a secondary concern. But really, we're more concerned with saving lives than with whether or not insurance company gets reimbursed. Thank you. Okay, thank you very much. Why don't we put a minute on the clock for you? At least I think you're, were you down under a minute? Let's put a minute on and see what happens. Okay. If you're still saying something interesting, we'll let you keep going. Pressure. A list of factual scenarios that may or may not be true does not satisfy the fairly erroneous standard. There was no support in the record for it. The 2013 charge that the government talked about, the defendant did not plead to not having a driver's license in that case. You mean there was no conviction for not having a driver's license? Right. And the use of the economic, the person's economic status to enhance custodial time as an impermissible grounds under constitutionally impermissible grounds. And so even though... Well, that may be, but it's probably not true that it would be impermissible to use the question of whether he had, I mean, it's legally required for financial responsibility to drive. It is, but in this case, the record doesn't show that there wasn't financial responsibility. But it's not the same as an economic requirement, it seems to me. You know, I mean, you don't have the money, but you also don't have to drive. Right, but they're two separate grounds for... But what I'm saying is, it doesn't seem plausible or correct to me to say that it would be an improper ground, whether you were driving without legally required proof of financial responsibility, that that would be tantamount to making an economic condition. Well, then sticking with the, you know, clearly... Can I just, can I ask you one question? Yes. If we didn't have the plus 12 for the drug trafficking crime and it went back, do you think it's reasonably likely that the judge would give him the same sentence or a lesser sentence? I think this judge may be predisposed to giving the same sentence, which is why I think it would be appropriate in this case to remand to a different judge where there's not a predisposed determination. But I think that even if it went back to the same judge, the judge would have to consider whether a 36-month sentence is appropriate, where the guideline range is now one to seven months and not 18 to 24 months. So I don't think we can say that the sentence would be the same if the 12-level enhancement did not apply. Okay. Thank you. Thank both sides for their arguments. United States versus Peña de Flores, now submitted for decision.
judges: Fletcher, Paez, Berzon